UNITED STATES of America, to the Use of GENERAL ELECTRIC DISTRIBUTING CORPORATION, Plaintiff-Appellee,

v.

BELL CONSTRUCTION COMPANY, Inc., a Corporation,

and

Hartford Accident and Indemnity Company, a Corporation, Defendants-Appellants.

No. 11411.

United States Court of Appeals Seventh Circuit.

Sept. 27, 1955.

John A. Kluwin and Gerald P. Hayes, Milwaukee, Wis., for defendants-appellants.

Harold Jordan, Saint Paul, Minn., Fred W. Genrich, Jr., Wausau, Wis., for plaintiff-appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Bell Construction Company, Inc., was a prime contractor rehabilitating certain government properties at Camp McCoy. That Company joined with its co-defendant, Hartford Accident and Indemnity Company in a "payment" or surety bond running in favor of the government. Bell entered into a sub-contract with Russell Hamre and the Fidelity and Casualty Company indemnified, by bond, Bell for labor and materials Hamre furnished. Plaintiff, General Electric Distributing

Corporation, supplied electrical materials to sub-contractor Hamre. .Plaintiff had no contractual relationship with Bell. Because it was unpaid after the project was completed pursuant to the prime contract, plaintiff sued both defendants under the Miller Act, 40 U.S.C.A. § 270b. Undisputed facts underlying motions for summary judgment, filed by plaintiff and defendants make it unnecessary to detail the evidence.

Actually Hamre's work at Camp McCoy was pursued under two separate government contracts. Bell was the prime contractor in one and DeLuxe Homes Corporation, not a party to this litigation, in the other. When plaintiff discovered that Hamre was a sub-contractor on two separate contracts with individual bonds and different sureties, it divided Hamre's Camp McCoy job into two accounts on its books. Bell then allocated payments and credits, 14% and 86%. When Hamre encountered financial difficulties he raised $5,000 by mortgaging his home. He paid that sum to plaintiff, June 23, 1953, without any direction oral or written for its application, and plaintiff applied Hamre's remittance on other accounts.

A *stipulation* entered into by plaintiff and defendants forms the major portion of the final order appealed, in which the trial court entered summary judgment for $4,300 in favor of plaintiff. The core of this case lies in the following paragraph of that stipulation:

"That Bell Construction Company, Inc. and Hartford Accident and Indemnity Company, standing in the relationship of sureties to General Electric Distributing Corporation as respects payment for the supplies and materials in a sum valued at $43,750.64, claim that they as such sureties had the legal right to require that 86% of said payment of $5,000.00 be credited against said account covering said supplies and materials (86% being the amount of $4,300.00 which is in dispute); that the General Electric Distributing

Corporation * * * takes the position that these sureties were not in the position legally to question the application which was actually made of this $5,000.00 payment, * * *"

We affirm the judgment of the district court because without any direction from Hamre, his creditor, the plaintiff, could apply such payment to any obligation it held. Reconstruction Finance Corp. v. McCormick, 7 Cir., 1939, 102 F.2d 305, 315. Since it is clear that the funds involved flowed only from Hamre's personal resources, contentions based upon alleged "equities" are beside the mark.

The district court's judgment is Affirmed.